LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
RICHARD A. BRAUNSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL P. MILLUS
JUDY H. KIM
DANIEL I. KAMINETSKY
ALISON TRAINOR
VIRGINIA K. TRUNKES

ALAN HEBLACK
OF COUNSEL

LONG ISLAND OFFICE:
1055 FRANKLIN AVENUE
GARDEN CITY, NEW YORK 11530
TELEPHONE: (516) 248-2280

June 25, 2007

**VIA ECF AND FEDEX**

Hon. Mark D. Fox
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 434
White Plains, New York 10601

Re: Sassone v. Quartararo
07 CV 4142 (MDF)

Dear Magistrate Judge Fox:

We are the attorneys for the defendants in the above-referenced civil action. Pursuant to Your Honor's individual rules, I write to request that the Court schedule a pre-motion conference in light of our intention to submit a motion to dismiss this lawsuit for failure to state a cause of action pursuant to Fed.R.Civ.P.12(b)(6)

Plaintiffs have commenced this action against the Mahopac Central School District ("the District") and three of its employees in connection with the alleged violation of Plaintiffs' constitutional rights. Specifically, in April 2007, Defendants suspended Plaintiffs with pay, and additionally prohibited them from discussing with students or parents the status or details of a matter which is the subject of a pending criminal investigation. Plaintiffs allege that by imposing this "gag order," Defendants are infringing upon their First Amendment rights because Defendants are impeding their ability to make clear that they themselves are not the subjects of a criminal investigation. (Complaint ¶ 12) Plaintiffs' complaint is facially deficient for several reasons.

First, the District's directive to its employees was not a "gag" order. It was a reasonable restriction placed on its employees in light of an ongoing criminal investigation. Moreover, as public employees, Plaintiffs lack the right to speak about their role in a matter involving their colleagues' potentially illegal conduct in the classroom. For speech of a government employee to be protected by the First Amendment, above all else the speech must be

SNITOW KANFER HOLTZER & MILLUS, LLP

Hon. Mark D. Fox
June 25, 2007
Page Two

on a matter of public concern. Waters v. Churchill, 511 U.S. 661, 668, 114 S.Ct. 1878 (1994).

According to the complaint, Plaintiffs' desired speech would concern a matter of personal interest – their reputation, which is not protected by the First Amendment in this context. See Bazile v. City of New York, 215 F.Supp.2d 354, 364 (S.D.N.Y. 2002) (plaintiff's complaints regarding his particular employment dispute, and his dissatisfaction with his assignment, did not involve a matter of general public interest and therefore did not qualify as protected activity for the purposes of § 1983); Bernheim v. Litt, 79 F.3d 318, 324 (2d Cir. 1996) (some of Bernheim's speech related to the conditions of her employment at CS 67 and her rejection as a speaker for the Core program at the AFT convention were matters of personal interest and therefore not protected speech).

Second, even if Plaintiffs' desired speech did constitute concern about a public matter, under the circumstances they still would have no unconditional right to discuss it. It is well settled that "[a] public employee's right to freedom of speech is not absolute." Bernheim v. Litt, 79 F.3d 318, 324 (2d Cir. 1996). In such instances the courts apply a balancing test to weigh the rights of a public employee versus the government-employer's ability to perform its necessary functions. Zaretsky v. New York City Health and Hospitals Corp., 84 N.Y.2d 140, 145, 638 N.E.2d 986 (1994). This "balancing test allows the government a degree of control over its employees to permit it to provide services to the public efficiently and effectively." Melzer v. Board of Education of City School Dist. of City of New York, 336 F.3d 185, 192-93 (2d Cir. 2003).

Here, it is clear from the face of the complaint that Plaintiffs are unable to overcome Defendants' burden of showing that despite their First Amendment rights, their desired speech so threatens the District's effective operation that discipline of Plaintiffs is justified. See United States v. Nat'l Treasury Employees Union, 513 U.S. 454, 466, 115 S.Ct. 1003, 130 L.Ed.2d 964 (1995). Permitting Plaintiffs to discuss the matter with the students or parents would likely have a serious impact on the criminal investigation. The District has an interest in ensuring that the victims' testimony is not influenced and that the perpetrators do not gain an advantage in creating a defense. Also, it would be imprudent to permit these employees to have contact with children who were allegedly abused especially in light of the fact that Plaintiffs' apparently witnessed the alleged inappropriate actions long before they reported it to school officials.

The District is obligated to protect the students under its care. Toward that end, the District is likewise obligated to try to prevent anyone else involved with the investigation from being placed at risk. Altogether, these interests form the basis for sustaining the District's

SNITOW KANFER HOLTZER & MILLUS, LLP
Hon. Mark D. Fox
June 25, 2007
Page Three

burden of showing "likely interference" with the functioning of the workplace. See Heil, supra at 108. Certainly these are also interests which outweigh Plaintiffs' desire to protect their image, thereby warranting the District directive. See e.g. Heil v. Santoro, 147 F.3d 103 (2d Cir.1998) (defendants' investigation and filing of charges against plaintiff did not constitute retaliation for his speaking out on matters of public concern where defendants were concerned about how he obtained a confidential village memorandum that he had attached to unfair labor practice charge filed with a state agency).

Third, this case should be dismissed at least with respect to the individual defendants, Robert J. Reidy, Jr. and Carol Dealleaume, because there is no allegation that they had any personal involvement in the alleged deprivation of Plaintiffs constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994). In addition, all of the individual defendants are protected by the doctrine of qualified immunity. Prohibiting Plaintiffs from speaking on this matter during their suspension "did not violate 'clearly established' rights of which a reasonable person would have known" which would give rise to a First Amendment claim. See Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir.1993). As demonstrated above, the federally protected right Defendants are accused of violating was not clearly established at the time of the alleged violation, as Plaintiffs did not possess the right to speak on any employment-related matter of their choice, much less one of personal interest. Moreover, a government employer's prohibition of its employees from speaking on a matter which is currently undergoing a criminal or internal investigation is customary. See e.g. Babb v. Chertoff, 2006 WL 1371679, *5 (D.D.C. 2006); Patches v. City of Phoenix, 68 Fed.Appx. 772, 775 (9th Cir. 2003); Shelton Police Union, Inc. v. Voccola, 125 F.Supp.2d 604, 624-25 (D.Conn. 2001). Accordingly, the qualified immunity defense should be sustained, and, at a minimum, the lawsuit should be dismissed as against Mr. Quartararo, Mr. Reidy and Ms. Dealleaume. See Genas v. State of N.Y. Dept. of Correctional Services, 75 F.3d 82, 830 (2d Cir. 1996).

Thank you for your consideration in this matter.

Respectfully submitted,

SNITOW KANFER
HOLTZER & MILLUS, LLP

Paul F. Millus
(PM 8240)

cc:  Jonathan Lovett, Esq.
     (via telecopier & regular mail)