UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOANNE SASSONE, MELANIE PARTELOW :
NANNA, KRISTY NICKERSON, and MARY
BETH SANGALLI, :

                      Plaintiffs,    :   07 CV. 4142 (MDF)

    -against-               :
                                      NOTICE OF MOTION
VINCENT QUARTARARO, individually, :
ROBERT J. REIDY, Jr., individually, CAROL
DEALLEAUME, individually, AND MAHOPAC :
CENTRAL SCHOOL DISTRICT,

                               :
                Defendants.
                               :
------------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the declaration of Paul F. Millus, dated July 27, 2007, the exhibit annexed thereto, the accompanying memorandum of law, and all pleadings and proceedings in this action, defendants Vincent Quartararo, individually, Robert J. Reidy, Jr., individually, Carol Dealleaume, individually, and Mahopac Central School District, by their attorneys, Snitow Kanfer Holtzer & Millus, LLP, will move before United States Magistrate Judge Mark D. Fox at the United States District Courthouse, Room 434 Quarropas Street, White Plains, New York 10601, on September 14, 2007 or a later date to be scheduled by the Court, for an order pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

       PLEASE TAKE FURTHER NOTICE, that opposition papers, if any, shall

be served on or before September 7, 2007 pursuant to Court Order.

Dated: New York, New York
   July 27, 2007

                 SNITOW KANFER
                 HOLTZER & MILLUS, LLP

             By: _____
                 Paul F. Millus, Esq.
                 (PM - 8240)
                 575 Lexington Avenue, 14th Floor
                 New York, New York 10022
                 (212) 317-8500

                 Attorneys for Defendants

TO: JONATHAN LOVETT, ESQ.
    Lovett & Gould, LLP
    222 Bloomingdale Road
    White Plains, New York 10605
    (914) 428-8401

    Attorneys for Plaintiffs

M:\CLIENT\444\01\NOM.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOANNE SASSONE, MELANIE PARTELOW   :
NANNA, KRISTY NICKERSON, and MARY
BETH SANGALLI,                                                  :

                    Plaintiffs,              :       07 CV. 4142 (MDF)

     -against-                                           :
                                                                        DECLARATION
VINCENT QUARTARARO, individually,               :
ROBERT J. REIDY, Jr., individually, CAROL
DEALLEAUME, individually, AND MAHOPAC   :
CENTRAL SCHOOL DISTRICT,

                                                                   :
                    Defendants.
                                                                     :
------------------------------------------------------------X

       PAUL F. MILLUS declares, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

       1.     I am a member of the law firm of Snitow Kanfer Holtzer & Millus, LLP, attorneys for the defendants defendants Vincent Quartararo, individually, Robert J. Reidy, Jr., individually, Carol Dealleaume, individually, and Mahopac Central School District in this action.  I respectfully submit this declaration in support of the District Attorney defendants' motion for an order pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint with prejudice.

       2.     A true copy of Plaintiff's Amended Complaint, dated May 29, 2007 annexed to this Declaration as Exhibit "A", is relevant to the resolution of this motion and is also referred to in the accompanying memorandum of law.

       WHEREFORE, it is respectfully requested that this Court issue an order dismissing the complaint in its entirety and granting such other and further relief as the

Court deems just and proper.

Dated:    New York, New York
          July 27, 2007

                                                                                                                    _____
                                                                                                                    PAUL F. MILLUS (PM 8240)

M:\CLIENT\444\01\motdis.Dec.wpd

## CERTIFICATE OF SERVICE

Paul F. Millus certifies that he caused a copy of the attached Notice of Appearance to be served by facsimile and first class mail postage prepaid addressed to the following counsel of record:

> JONATHAN LOVETT, ESQ.
> Lovett & Gould, LLP
> 222 Bloomingdale Road
> White Plains, New York 10605
> Facsimile No: (914) 428-8916

Dated: June 25, 2007

_____
PAUL F. MILLUS

M:\CLIENT\444\01\NOM.wpd

# Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOANNE SASSONE, MELANIE PARTELOW
NANNA, KRISTY NICKERSON, and
MARY BETH SANGALLI,

              Plaintiffs,

    -against-

VINCENT QUARTARARO, individually,
ROBERT J. REIDY, Jr., individually,
CAROL DEALLEAUME, individually, and
MAHOPAC CENTRAL SCHOOL DISTRICT,

              Defendants.
-----------------------------------------------------------x

07 CIV. 4142

**Jury Trial Demanded**

      Plaintiffs JOANNE SASSONE, MELANIE PARTELOW NANNA, KRISTY NICKERSON, and MARY BETH SANGALLI, by their attorneys Lovett & Gould, LLP for the complaint respectfully state:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, proximately resulting from the conduct of Defendants as engaged in by them under color of New York State law, for violations of Plaintiff's rights as guaranteed by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiffs JOANNE SASSONE, MELANIE PARTELOW NANNA, KRISTY NICKERSON, and MARY BETH SANGALLI are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. Each Plaintiff is employed by the Mahopac Central School District in the title of "Teacher's Aide" and, prior to their suspension from employment, each Plaintiff worked with autistic children in the Mahopac Falls Elementary School's so-called "Bridge Program". With respect to the matters reported by the Plaintiffs to Defendants, set forth *infra*, none of the Plaintiffs had any job responsibility and/or duty to make the subject report(s).

4. Defendant VINCENT QUARTARARO (hereinafter "Quartararo"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Assistant Superintendent for the Defendant School District.

5. Defendant ROBERT J. REIDY, Jr. (hereinafter "Reidy"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Superintendent of Schools for the Defendant District.

6. Defendant CAROL DeALLEAUME (hereinafter "DeAlleaume"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed as an Acting Interim Principal by the Defendant District.

7. Defendant MAHOPAC CENTRAL SCHOOL DISTRICT is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

8. In or about March of 2007 Plaintiffs expressed concerns to the Defendants regarding classroom conduct engaged in by Special Education Teacher Tammy Card (hereinafter "Card"), Speech Therapist Joyce Spiegel (hereinafter "Spiegel"), and Teacher Aides Joe Levy (hereinafter "Levy"), Laurie Reynolds (hereinafter "Reynolds"), and Sherry Freitas (hereinafter "Freitas"). In that connection the Plaintiff's truthfully related *inter alia* their personal observations of:

   a. Card, Levy and Reynolds' use, in the classroom of degrading nicknames for the autistic children for whom they were responsible, including: "Sloth", "Poor Thing", "Drool Machine", "Nico Nico Pancake Freako", "Mosquito", "Old Man", "Froggy", "Satan's Child", "Chicken Butt" and *inter alia* "Rodent",

   b. Levy's slapping Card's buttocks and massaging her in front of their students,

   c. Spiegel and Levy giving each other massages in front of their students,

   d. Levy grabbing Freitas' breasts in front of their students,

   e. Spiegel's exposing her breasts to Plaintiff Sangalli in front of students while announcing that she wanted to "brighten your day",

   f. Spiegel attired in a crocheted blouse, without a bra, exposing her nipples to their students,

   g. Spiegel falsifying school records so as to give the false impression that she provided speech therapy to their students,

   h. Levy and Reynolds engaging in sex-related discussions in front of their

students, and, *inter alia*,

    i. Levy and Reynolds' altering of on autistic child's manually operated "communication device" [which that child was supposed to use to respond to questions by "speaking": "I am here" and/or "Hello everyone") so that when the child used the device it instead would "say": "I'm sitting right here, can't you friggin see me" and "Hello, I am here today, everybody go away".

9. Following Plaintiffs' expression of the concerns referenced in paragraph "8", *supra*, Defendants ordered them to reiterate their complaints to the Carmel Police - - as a result of which Spiegel, Card, Levy and Reynolds were arrested and charged with various crimes.

10. Out of concern that Plaintiffs would also communicate their said concerns to the parents of their autistic students and/or the media, Defendants agreed on April 6, 2007, to impose upon them a "gag" order of indefinite duration and in that connection Quartararo acting on behalf of himself and his co-defendants on that date issued to each Plaintiff a letter advising in pertinent respect:

    "You are hereby placed on administrative reassignment to home, effective April 10, 2007, with full pay and benefits, pending the District's investigation into certain issues which have recently come to our attention in connection with your employment.

    You are not allowed on school grounds or at school sponsored events until further notice. You are also not allowed to have any contact with students or their parents until further notice."

4

11. By reason of that gag order each of the Plaintiff's has been silenced and, recognizing the implicit threat of disciplinary action and/or job termination should they violate that order, has not: communicated with any of their autistic students; informed any of those children's parents as to the despicable treatment accorded them in the classroom; or communicated with the press regarding that treatment.

12. Plaintiff's banishment from the school and coerced silence, coupled with the arrests of their former co-workers, was intended by Defendants to give the false public impression that Plaintiffs had engaged in misconduct and/or criminal wrongdoing of the same or a similar nature to Spiegel, Levy, Reynolds, Card and Freitas.

13. As a proximate result of Defendants' intentional conduct Plaintiffs have been caused to suffer: public humiliation; public embarrassment; public accusations of unethical and immoral conduct; public shame; anxiety; emotional upset; deprivation of their right to petition government for the redress of grievances; deprivation of their right to express as citizens their opinions on matters of grave public concern; and otherwise have been rendered sick and sore.

## AS AND FOR A CLAIM

14. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' conduct and retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding against the individually named defendants such punitive damages as the jury may impose,

b. Awarding against all defendants such compensatory damages as the jury may determine,

c. Declaring unconstitutional and permanently enjoining Defendants' institution/maintenance of the gag order,

d. Awarding reasonable attorney's fees and costs, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
May 25, 2007

                                          LOVETT & GOULD, LLP
                                          By: _____
                                              Jonathan Lovett (4854)
                                          Attorneys for Plaintiffs
                                          222 Bloomingdale Road
                                          White Plains, N.Y. 10605
                                          914-428-8401