UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOANNE SASSONE, MELANIE PARTELOW
NANNA, KRISTY NICKERSON, and
MARY BETH SANGALLI,

                Plaintiffs,

    -against-

VINCENT QUARTARARO, individually,
ROBERT J. REIDY, Jr., individually,
CAROL DEALLEAUME, individually, and
MAHOPAC CENTRAL SCHOOL DISTRICT,

                Defendants.
----------------------------------------------------------x

07 CIV. 4142

**Jury Trial Demanded**

    Plaintiffs JOANNE SASSONE, MELANIE PARTELOW NANNA, KRISTY

NICKERSON, and MARY BETH SANGALLI, by their attorneys Lovett & Gould, LLP

for the complaint respectfully state:

### NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, proximately resulting

from the conduct of Defendants as engaged in by them under color of New York State

law, for violations of Plaintiff's rights as guaranteed by reason of the First Amendment to

the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiffs JOANNE SASSONE, MELANIE PARTELOW NANNA, KRISTY NICKERSON, and MARY BETH SANGALLI are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. Each Plaintiff is employed by the Mahopac Central School District in the title of "Teacher's Aide" and, prior to their suspension from employment, each Plaintiff worked with autistic children in the Mahopac Falls Elementary School's so-called "Bridge Program". With respect to the matters reported by the Plaintiffs to Defendants, set forth *infra*, none of the Plaintiffs had any job responsibility and/or duty to make the subject report(s).

4. Defendant VINCENT QUARTARARO (hereinafter "Quartararo"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Assistant Superintendent for the Defendant School District.

5. Defendant ROBERT J. REIDY, Jr. (hereinafter "Reidy"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Superintendent of Schools for the Defendant District.

6. Defendant CAROL DeALLEAUME (hereinafter "DeAlleaume"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed as an Acting Interim Principal by the Defendant District.

7. Defendant MAHOPAC CENTRAL SCHOOL DISTRICT is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

8. In or about March of 2007 Plaintiffs expressed concerns to the Defendants regarding classroom conduct engaged in by Special Education Teacher Tammy Card (hereinafter "Card"), Speech Therapist Joyce Spiegel (hereinafter "Spiegel"), and Teacher Aides Joe Levy (hereinafter "Levy"), Laurie Reynolds (hereinafter "Reynolds"), and Sherry Freitas (hereinafter "Freitas"). In that connection the Plaintiff's truthfully related *inter alia* their personal observations of:

    a. Card, Levy and Reynolds' use, in the classroom of degrading nicknames for the autistic children for whom they were responsible, including: "Sloth", "Poor Thing", "Drool Machine", "Nico Nico Pancake Freako", "Mosquito", "Old Man", "Froggy", "Satan's Child", "Chicken Butt" and *inter alia* "Rodent",

    b. Levy's slapping Card's buttocks and massaging her in front of their students,

    c. Spiegel and Levy giving each other massages in front of their students,

    d. Levy grabbing Freitas' breasts in front of their students,

    e. Spiegel's exposing her breasts to Plaintiff Sangalli in front of students while announcing that she wanted to "brighten your day",

    f. Spiegel attired in a crocheted blouse, without a bra, exposing her nipples to their students,

    g. Spiegel falsifying school records so as to give the false impression that she provided speech therapy to their students,

    h. Levy and Reynolds engaging in sex-related discussions in front of their

students, and, *inter alia*,

    i. Levy and Reynolds' altering of on autistic child's manually operated "communication device" [which that child was supposed to use to respond to questions by "speaking": "I am here" and/or "Hello everyone") so that when the child used the device it instead would "say": "I'm sitting right here, can't you friggin see me" and "Hello, I am here today, everybody go away".

9. Following Plaintiffs' expression of the concerns referenced in paragraph "8", *supra*, Defendants ordered them to reiterate their complaints to the Carmel Police - - as a result of which Spiegel, Card, Levy and Reynolds were arrested and charged with various crimes.

10. Out of concern that Plaintiffs would also communicate their said concerns to the parents of their autistic students and/or the media, Defendants agreed on April 6, 2007, to impose upon them a "gag" order of indefinite duration and in that connection Quartararo acting on behalf of himself and his co-defendants on that date issued to each Plaintiff a letter advising in pertinent respect:

> "You are hereby placed on administrative reassignment to home, effective April 10, 2007, with full pay and benefits, pending the District's investigation into certain issues which have recently come to our attention in connection with your employment.
>
> You are not allowed on school grounds or at school sponsored events until further notice. You are also not allowed to have any contact with students or their parents until further notice."

11. By reason of that gag order each of the Plaintiff's has been silenced and, recognizing the implicit threat of disciplinary action and/or job termination should they violate that order, has not: communicated with any of their autistic students; informed any of those children's parents as to the despicable treatment accorded them in the classroom; or communicated with the press regarding that treatment.

12. Plaintiff's banishment from the school and coerced silence, coupled with the arrests of their former co-workers, was intended by Defendants to give the false public impression that Plaintiffs had engaged in misconduct and/or criminal wrongdoing of the same or a similar nature to Spiegel, Levy, Reynolds, Card and Freitas.

13. As a proximate result of Defendants' intentional conduct Plaintiffs have been caused to suffer: public humiliation; public embarrassment; public accusations of unethical and immoral conduct; public shame; anxiety; emotional upset; deprivation of their right to petition government for the redress of grievances; deprivation of their right to express as citizens their opinions on matters of grave public concern; and otherwise have been rendered sick and sore.

## AS AND FOR A CLAIM

14. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendants' conduct and retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding against the individually named defendants such punitive damages as the jury may impose,

b. Awarding against all defendants such compensatory damages as the jury may determine,

c. Declaring unconstitutional and permanently enjoining Defendants' institution/maintenance of the gag order,

d. Awarding reasonable attorney's fees and costs, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
May 25, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401