UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOANNE SASSONE, MELANIE PARTELOW   :
NANNA, KRISTY NICKERSON, and MARY
BETH SANGALLI,   :

                Plaintiffs,   :  07 CV. 4142 (KMK/MDF)

    -against-   :

VINCENT QUARTARARO, individually,   :
ROBERT J. REIDY, Jr., individually, CAROL
DEALLEAUME, individually, and MAHOPAC   :
CENTRAL SCHOOL DISTRICT,
                                            :
                Defendants.
                                              :
----------------------------------------------------------------X


DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE AMENDED COMPLAINT


                                            SNITOW KANFER HOLTZER & MILLUS, LLP
                                            575 Lexington Avenue, 14th Floor
                                            New York, New York 10022
                                            (212) 317-8500

                                            *Attorneys for Defendants Vincent Quartararo,*
                                            *Robert J. Reidy, Jr., Carol Dealleaume and*
                                            *Mahopac Central School District*

Of Counsel:
   Paul F. Millus
   Virginia K. Trunkes

# TABLE OF CONTENTS

        **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I     PLAINTIFFS HAVE NOT PROPERLY STATED A CLAIM OF
                  VIOLATION OF THEIR FIRST AMENDMENT RIGHTS . . . . . . . . . . . 2

    POINT II    THE AMENDED COMPLAINT DOES NOT
                  PROPERLY STATE A CLAIM FOR VIOLATION
                  OF THE EQUAL PROTECTION CLAUSE . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

Cases                                                                                                          Pages

Amron v. Morgan Stanley Inv. Advisors Inc.,
    464 F.3d 338 (2d Cir. 2006) ................................................. 9

Givhan v. Western Line Consol. School Dist.,
    439 U.S. 410, 414, 99 S.Ct. 693, 696 (1979) .................................... 5

Graham v. Long Island R.R.,
    230 F.3d 34, 40 (2d Cir.2000) ................................................. 9

Henneberger v. County of Nassau,
    465 F.Supp.2d 176, 196 (E.D.N.Y. 2006) ....................................... 8

Marinoff v. City College of New York,
    357 F.Supp.2d 672, 683-85 (S.D.N.Y. 2005) .................................... 4

Morey v. Somers Cent. School Dist.,
    2007 WL 867203, *11 (S.D.N.Y. 2007) ........................................ 1

Phillips v. Girdich,
    408 F.3d 124 (2d Cir. 2005) ............................................... 8, 9

Pickering v. Board of Education,
    391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) ............................ 6

Puentes v. Board of Ed. of Union Free School Dist. No. 21 of Town of Bethpage,
    24 N.Y.2d 996, 302 N.Y.S.2d 824, 250 N.E.2d 232 (1969) ....................... 5

Rookard v. Health and Hospitals Corp.,
    710 F.2d 41 (2d Cir.1983) .................................................... 5

Sebold v. City of Middletown,
    2007 WL 2782527 * 26 (D.Conn. Sep 21, 2007) ................................ 9

Vasbinder v. Ambach,
    926 F.2d 1333, 1340, 1341 (2d Cir.1991) ....................................... 5

Weintraub v. Board of Educ. of City of New York,
    423 F. Supp. 2d 38, 208 Ed. Law Rep. 435 (E.D. N.Y. 2006) .................... 5

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOANNE SASSONE, MELANIE PARTELOW           :
NANNA, KRISTY NICKERSON, and MARY
BETH SANGALLI,                             :

                    Plaintiffs,            :    07 CV. 4142 (KMK/MDF)

         -against-                         :

VINCENT QUARTARARO, individually,          :
ROBERT J. REIDY, Jr., individually, CAROL
DEALLEAUME, individually, and MAHOPAC     :
CENTRAL SCHOOL DISTRICT,
                                           :
                    Defendants.
                                           :
------------------------------------------------------------X
```

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

In their opposition papers, Plaintiffs correctly articulate the well-settled standard that at the pleading stage, the Court must draw inferences from Plaintiffs' allegations in the light most favorable to Plaintiffs. (Plt's Br. at 1-2). Plaintiffs also accurately relate the rule that in the First Amendment retaliation context, assuming that the speech at issue is protected – which here the desired future speech is not – a plaintiff can sufficiently set forth the necessary causal relationship if the factual allegations "support the inference that the speech played a substantial part in the adverse action." Morey v. Somers Cent. School Dist., 2007 WL 867203, *11 (S.D.N.Y. 2007) (cites omitted).

1

In this case, however, not only is the desired speech unprotected, but, affording Plaintiffs every favorable inference, the speech they had already expressed did not play a substantial role in the District's decision to suspend them, reassign them to other positions and prohibit them from having contact with the school children or their parents (hereinafter collectively referred to as imposing "disciplinary measures"). Nor have Plaintiffs properly stated an Equal Protection claim, not only because of the lack of any constitutional violation, but because of their deliberate failure to include certain specific allegations necessary to place the District on notice of their claim. Accordingly, as elaborated below, this Court should dismiss the Amended Complaint in its entirety.

ARGUMENT

POINT I

PLAINTIFFS HAVE NOT PROPERLY STATED A CLAIM OF
VIOLATION OF THEIR FIRST AMENDMENT RIGHTS

Plaintiffs' past expression of concern regarding the alleged physical and emotional endangerment of autistic school children by District staff members does indeed constitute protected speech. In that regard, it is undisputed that when Plaintiffs first related these concerns to the District, the District's response to the speech consisted of instructing Plaintiffs to relay these statements to the police.

Affording the complaint every favorable inference, however, although the District soon thereafter suspended Plaintiffs with pay, in light of all of the allegations taken together, the amended complaint does not raise a reasonable inference that Plaintiffs' prior expression of their

concerns "played a substantial part" in the District's decision. Plaintiffs approached the District's administrators only after having witnessed a series of incidents, which, as described in the amended complaint, must have occurred over an ample period of time. Coupled with the District's immediate response of instructing Plaintiffs to reiterate the concerns to the police, the only logical inference is that Plaintiffs were disciplined not for speaking on a public matter, but, conversely, for not having done so sooner and before the alleged conduct continued beyond just one incident.

In that regard, that the disciplinary measures were taken soon after Plaintiffs' disclosure of alleged wrongdoing, as they contend in their brief (at 15) is immaterial. Indeed, the District would have been derelict in its duties if it did not act immediately, considering the serious charges that had been made. In light of the other circumstances which Plaintiffs try to downplay, the "immediacy" of the District's actions does not raise the inference that they were retaliatory.

Plaintiffs disingenuously aver that "Defendants in writing acknowledged that they were motivated to take adverse action specifically because of Plaintiffs' expressions of concern regarding these matters of health and safety." (Plt's Br. at 10). Clearly Plaintiffs have read further into the District's April 6, 2007 suspension letter than is reasonable. In fact, the unambiguous language in that letter, i.e., advising that Plaintiffs were being placed on administrative reassignment pending the "investigation into certain issues which [came to the District's] attention in connection with [their] employment" – unequivocally merits the conclusion that the District imposed the suspension not because of Plaintiffs' exercise of their speech but rather because of Plaintiffs' flawed performance of their employment duties, which is

3

presently being investigated by the District.

In attempting to attribute a more sinister motive to the District's disciplinary measures, Plaintiffs assert that "[m]anifestly the District and its officials had and continue to have an overriding objective of containing whatever damage had already occurred." (Plt's Br. at 11). Even if Plaintiffs' assessment of the District's objective was accurate, the District's goal of ensuring that the primary aim of its operations – to educate children – without distractions caused by its employees' unhelpful and unwanted "expressions of concerns" to the children and their parents, is certainly respectable, and not something to be impugned by Plaintiffs merely because they have an urge to voice their opinions on an alleged series of incidents which have ceased. Where is it that public employees had an unfettered and constitutionally protected right to contact parents of purportedly abused children, especially while a criminal proceeding concerning those allegations is ongoing? Toward that end, the District has the right to pursue a reasonable course of action including cooperating with the criminal prosecution and pursuing its own internal investigation.

Further, Plaintiffs still refuse to explain what gives them the unfettered right to continue reporting on a matter after having already reported it, or what purpose would be served by their future expression of concern about the alleged series of incidents. As the District set forth in its moving papers, speech on a matter of public concern does not include counseling or indulging inquisitiveness. See e.g. Marinoff v. City College of New York, 357 F.Supp.2d 672, 683-85 (S.D.N.Y. 2005).

In an effort to rebut the District's contention that in the cases where school government employees' concerns have been upheld as protected speech, they had articulated

4

their concerns only through the appropriate channels (Dts' Br. at 10), Plaintiffs posit that whether a public employee's complaint is expressed publicly or privately and through approved channels "makes absolutely no difference whatsoever as a matter of law." (Plt's Br. at 13). First, Plaintiffs' response does not meaningfully address the issue. Plaintiffs' desired speech is not currently the subject of a public debate in which they would like to participate. Rather, Plaintiffs' desired speech is designed to address an issue which has already been addressed both internally and by the local police. Thus, their expressions of concern on the matter have minimal if any societal value. Furthermore, the desired speech does not fall in line with that which has been upheld by the courts in other instances involving public employees. See e.g. Weintraub v. Board of Educ. of City of New York, 423 F. Supp. 2d 38, 208 Ed. Law Rep. 435 (E.D. N.Y. 2006), on reconsideration in part, 2007 WL 1549138 (E.D.N.Y. 2007); Puentes v. Board of Ed. of Union Free School Dist. No. 21 of Town of Bethpage, 24 N.Y.2d 996, 302 N.Y.S.2d 824, 250 N.E.2d 232 (1969); see also Vasbinder v. Ambach, 926 F.2d 1333, 1340, 1341 (2d Cir.1991); Rookard v. Health and Hospitals Corp., 710 F.2d 41 (2d Cir.1983).

Second, Plaintiffs' response that there is no consequential difference between a public and private expression is not accurate, and further misconstrues the differences between the two types of expressions. In fact, Givhan v. Western Line Consol. School Dist., 439 U.S. 410, 414, 99 S.Ct. 693, 696 (1979), on which Plaintiffs rely, reveals the difference. In Givhan, the speech at issue was a private criticism of school desegregation efforts. Noting that in previous cases the determination of whether speech was protected turned on the balancing test between the interests of the employee in commenting upon matters of public concern and that of the public employer in promoting the efficiency of its public services, the Court observed that

5

striking that balance in the context of private expression versus public expression may involve different considerations. The Court commented that "[w]hen a teacher speaks publicly, it is generally the content of his statements that must be assessed to determine whether they 'in any way either impeded the teacher's proper performance of his daily duties in the classroom or . . . interfered with the regular operation of the schools generally.'" Id, at 416, fn. 4, quoting Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Yet "[w]hen a government employee personally confronts his immediate superior," the Court continued, "the employing agency's institutional efficiency may be threatened not only by the content of the employee's message but also by the manner, time, and place in which it is delivered." Id. Accordingly, the content of private commentary is not as critical as that of public commentary, as speaking publicly presents more of a danger of hindering an employee's duties or interfering with government administration.

  The instant case presents the classic scenario underscoring why it is solely the *content* of speech which is important when the intended speech is to be made publicly and not privately. Plaintiffs are not the designated spokespeople for the District, and thus any expressions of opinion made to the students or their parents would by definition not represent the views of the District, and would inexorably confuse the audience and hinder the District's operations. The manner, time, and place in which the speech would be delivered is irrelevant. Further, while Plaintiffs assert that their public expression of their concerns "would have had the salutary effect of exposing to a broad-based community of concerned citizens the disgraceful treatment provided by the District to its autistic charges" (Br. at 14), Plaintiffs fail to mention what right they have to expose these allegations beyond the proper channels, especially where

there exists alleged victims whose privacy should obviously be respected.

In the same vein, Plaintiffs' contention that "exposure of governmental wrongdoing to the proverbial 'light of day' tends to prevent its recurrence and ... compel the government's administrators to take investigatory and disciplinary action against staff members who refused to expose the wrongdoing at issue" (Br. at 15) is inapposite. The Amended Complaint does not sufficiently allege governmental wrongdoing resulting from failing to investigate and take action against other similarly situated employees, as elaborated in Point II, *infra*.

Of course Plaintiffs' true motive for desiring to express their concerns – to protect their reputation – is revealed by the injuries they have asserted since they first commenced the action with their original complaint: "public humiliation; public embarrassment; anxiety; [and] emotional upset." (Am. Compl. ¶ 19) Plaintiffs' emphatic assertion that included in their original complaint was the phrase, "deprivation of their right to express as citizens their opinions on matters of grave public concern" (Br. at 12) is of no moment, as it does nothing to negate the overall theme of their damages, which relate purely to a personal matter.

Further, Plaintiffs postulate that the District's arguments vary with the allegations set forth in the Amended Complaint, and that the District has engaged in speculative hypotheses in support of its motion. (Br. at 15, 16, 18) To the contrary, what Plaintiffs interpret as hypotheticals are actually the only realistic conclusions to be drawn from the alleged facts. Insofar as it may appear that the District has urged a version of events other than that which Plaintiffs have been trying to frame, the District has merely pointed out the incongruities in the amended complaint which bespeak the lack of any *prima facie* case. For these reasons and those

set forth below, the Amended Complaint should be dismissed.

POINT II

THE AMENDED COMPLAINT DOES NOT PROPERLY STATE A CLAIM
FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE

Plaintiffs maintain that they have set forth a viable Equal Protection claim. Plaintiffs are mistaken. Aside from their lack of a proper First Amendment claim on which they base their constitutional violation, Plaintiffs cannot escape their failure to include all necessary allegations to support an Equal Protection claim.

To be sure, Plaintiffs suggest that they need not identify those employees who are alleged in the amended complaint to be identically situated but were not similarly disciplined because the "Defendants know" who they are. (Br. at 19)  That is an absurd asserted justification for avoiding their obligation to meet the elements of an Equal Protection claim. The cases reveal that more specifics are required in asserting such a cause of action. See e.g. Phillips v. Girdich, 408 F.3d 124 (2d Cir. 2005) (plaintiff's allegations gave rise to at least a viable Equal Protection claim where, *inter alia*, he "alleged that a white inmate named Gordon was caught receiving marijuana during a visit with his wife ... [and ] was punished by being denied visitation with his wife for thirteen months[, whereas plaintiff] alleged that he was never caught receiving contraband during a visit ..., but that he lost all contact visits."); Henneberger v. County of Nassau, 465 F.Supp.2d 176, 196 (E.D.N.Y. 2006) (plaintiffs alleged that "the beneficiaries of the PERB I decision received their proper pay adjustments" under the CBA, while the PERB II employees, including plaintiffs, did not receive similar pay adjustments).

8

The standard for allowing a plaintiff to overcome a motion to dismiss should not be so low that it would permit Plaintiffs to tell only part of their alleged story. Plaintiffs' subsequent offer that if necessary they are "more than prepared to tell Defendants" the identities of the subject staff members should not absolve them of their fundamental failure to do so in their pleading or in their opposition papers.

Consistent with this theme of ignoring the requirements for making an Equal Protection claim, Plaintiffs dismiss as "irrelevant semantics" the necessity that the pleading properly allege that the District knew of other staff identically situated before imposing the alleged disparate treatment. Relatedly, Plaintiffs' contention that the District's argument that it cannot be faulted for failing to take action against similarly situated employees of whom it was unaware merely presents an issue of fact (Plts' Br. at 19) misses the point. Plaintiffs have not articulated any circumstances supporting their allegation that the District should have taken action against certain employees but knowingly did not. Plaintiffs are responsible for providing a reasonable amount of detail in alleging that their "co-employees 'were subject to the same ... evaluation and discipline standards' and that those similarly situated coworkers engaged 'in similar conduct.'" Sebold v. City of Middletown, 2007 WL 2782527 * 26 (D.Conn. Sep 21, 2007) quoting Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir.2000). It is only appropriate that if an Equal Protection claim is sustained against the District, the allegations should sufficiently place the District on notice as to just how it violated Plaintiffs' constitutional rights. Cf. Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338 (2d Cir. 2006) ("Dismissal is improper on technical pleading irregularities, which are excusable 'as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party'"), quoting Phillips,

9

supra 408 F.3d at 128. To permit otherwise only unnecessarily prejudices the District in defending against the lawsuit.

Accordingly, the dearth of essential allegations to support Plaintiffs' second cause of action under the Equal Protection Clause lead ineluctably to the conclusion that this claim should be dismissed as well.

## CONCLUSION

In view of the foregoing, it is respectfully requested that this Court dismiss the Amended Complaint in its entirety, and award such other and further relief as it may deem just and proper.

Dated: New York, New York
      January 4, 2008

                              Respectfully submitted,

                              SNITOW KANFER HOLTZER
                                & MILLUS, LLP

By: _____
      Paul F. Millus, Esq. (PM-8240)
      575 Lexington Avenue, 14th Floor
      New York, New York 10022
      (212) 317-8500
      *Attorneys for Defendants Vincent Quartararo,*
      *Robert J. Reidy, Jr., Carol Dealleaume and*
      *Mahopac Central School District*

M:\CLIENT\444\01\MOL Rpy.wpd